UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAN E. MENJIVAR SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Warden, et al.,<br><br>Respondents. | No. 1:25-cv-01187-SKO (HC)<br><br>**ORDER DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION**<br><br>**[THIRTY DAY DEADLINE]** |

Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. She challenges her current detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

According to the petition, Petitioner is an El Salvadoran citizen who arrived in the United States in January 2005. On June 18, 2025, she was taken into custody by the Bureau of Immigration and Customs Enforcement ("ICE") and has been detained since that time. Removal proceedings are apparently ongoing while Petitioner remains in detention pursuant to an automatic stay.

Petitioner states she is being wrongfully detained. She states an immigration judge ("IJ") ordered her to be released on $3000 bond on August 25, 2025, after determining she was being detained pursuant to 8 U.S.C. § 1226(a). On September 4, 2025, the Department of Homeland Security ("DHS") appealed the decision to the Bureau of Immigration Affairs ("BIA"). On

September 5, 2025, the BIA issued its decision in <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216, 220 (BIA 2025), holding that 8 U.S.C. § 1225 applies to all noncitizens who are in the United States without admission, even those who have resided here for years. Petitioner's appeal is now pending before the BIA, which will determine the applicability of <u>Yajure Hurtado</u> to her case. Petitioner contends that her current detention violates her due process rights, and she requests she be released on bond pursuant to the IJ's decision.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent will be directed to file a Response.

Accordingly, it is HEREBY ORDERED:

1. Respondent is DIRECTED to file a Response to the Petition within THIRTY (30) days of the date of service of this order. Rule 4, Rules Governing Section 2254 Cases; <u>see</u> Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File or any other documentation relevant to the determination of the issues raised in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.
2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response is filed with the Court.
3. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:  **September 16, 2025**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE