UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIRIAN E. MENJIVAR SANCHEZ, | ) | Case No.: 1:25-cv-01187-SKO (HC) |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| MINGA WOFFORD, Warden, Mesa Verde Immigrant Processing Center; NANCY GONZALEZ, Acting Director of Bakersfield, CA Field Office, U.S. Immigration & Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

Petitioner Miriam E. Menjivar Sanchez is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. All parties having consented to the jurisdiction of the Magistrate Judge, on September 26, 2025, the case was assigned to the undersigned for all purposes, including trial and entry of final judgment. (Doc. 18.)

On October 17, 2025, the Court granted Petitioner's motion for temporary restraining order. (Doc. 23.) The Government was ordered to immediately release Petitioner on a $3,000 bond as was issued by the Immigration Judge ("IJ") at the initial custody hearing. On November 5, 2025, the Court

1

converted the temporary restraining order into a preliminary injunction and granted the injunction. (Doc. 27.)

Pending before the Court is the petition for writ of habeas corpus. On November 8, 2025, Petitioner advised the Court she did not wish to provide further briefing before issuance of the Court's final order on the petition. (Doc. 28.) Respondent did not file a response.

## BACKGROUND

Petitioner is a 44-year-old citizen of El Salvador who entered the United States without admission in January 2005. (Doc. 20-1 at 6.) She was detained approximately 10-15 days and released on her own recognizance. (Doc. 20-1 at 7.) On January 26, 2005, Petitioner signed a Form I-220A in which she agreed to report in writing or in person to an immigration officer at the San Antonio, Texas, office on the 1st Tuesday of the month. (Doc. 20-1 at 9.) Respondent submits that Petitioner did not do so in Texas or in any California immigration office. In September of 2005, Petitioner was ordered removed *in abstentia*. (Doc. 20-1 at 11-13.) Petitioner states she was unaware of immigration court proceedings because she was in an abusive relationship and was unable to receive her mail. (Doc. 1-1 at 1.)

For the past twenty years, Petitioner has resided primarily in Santa Rosa, California. (Doc. 12-1 at 16.) She has three children ages 19, 18, and 12. (Doc. 12-1 at 16.) She suffers from diabetes and is dependent on insulin. (Doc 12-1 at 16.) Prior to her detention, she was being treated with twice-per-day injections of insulin and the oral medication Metformin. (Doc. 1-1 at 2.)

On June 18, 2025, Petitioner was arrested by ICE officers outside the dental office she had been cleaning while employed by a janitorial service. (Doc. 20-1 at 19-20.) She was taken into custody and transported to the Mesa Verde Detention Center where she has since remained in custody. (Doc. 20-1 at 19-20.) During this time, Petitioner has been transported to the Bakersfield hospital on three occasions due to uncontrolled hyperglycemia. (Doc. 1-1 at 2.) Petitioner states she is often only given one injection per day and her blood sugar has risen to very high levels. (Doc. 1-1 at 2.) Counsel for Petitioner made a request with the ICE Field Office for humanitarian parole based on Petitioner's health condition. (Doc. 1-1 at 2.) Although the request was not granted or denied, Counsel was told Petitioner was receiving appropriate care. (Doc. 1-1 at 2.)

On June 18, 2025, a motion to reopen removal proceedings was filed. (Doc. 20-1 at 18-20.) On July 8, 2025, the Immigration Court granted the request. (Doc. 1-7.)

On August 25, 2025, the IJ determined that Petitioner was detained under the authority of 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225. (Doc. 1-2 at 1-3.) The IJ weighed the evidence of danger to the community and flight risk and determined that Petitioner was not a danger and only a minimal flight risk. (Doc. 1-2 at 1-3.) The IJ granted Petitioner conditional release on a $3,000 bond. (Doc. 1-2 at 1.) The Department of Homeland Security ("DHS") then filed a notice of intent to appeal which triggered an automatic stay. (Doc. 1-4 at 1.)

On September 11, 2025, the IJ reversed the decision to grant conditional release. (Doc. 20-1 at 22.) The IJ noted that the recent Bureau of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) deprived the IJ of the authority to set bond for Petitioner's release. (Doc. 20-1 at 22.)

On October 17, 2025, the Court granted Petitioner's motion for temporary restraining order. (Doc. 23.) Petitioner was released from custody on a $3,000 bond, and as a condition of release, an electronic ankle monitoring device was placed on Petitioner. On November 5, 2025, the Court converted the motion for temporary restraining order into a preliminary injunction. (Doc. 27.) The Court permanently enjoined and restrained Respondents from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which would include at a minimum, pre-deprivation notice of at least seven (7) days before a pre-deprivation hearing, where Petitioner may be represented by her counsel and the Government would bear the burden of demonstrating by clear and convincing evidence that she is likely to flee or pose a danger to the community if not arrested. (Doc. 27 at 16.) The Court further ordered removal of the electronic ankle monitoring device, and ordered Respondent not to impose any additional restrictions on Petitioner, unless deemed necessary at a later custody hearing. (Doc. 27 at 16.)

## DISCUSSION

### I.     Jurisdiction and Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const.,

3

Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

**II.      Review of Petition**

Petitioner contends the immigration judge erred in reversing her earlier decision to conditionally release Petitioner, concluding that Petitioner was mandatorily detained pursuant to 8 U.S.C. § 1225(b) rather than § 1226. (Doc. 1 at 3.) She claims that the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens like her who previously entered the country without inspection and were placed in standard removal proceedings. She contends such noncitizens are detained pursuant to § 1226(a). Respondent takes the position that § 1225(b) applies to all "applicants for admission"; that is, aliens present in the United States who have not been admitted.

A.      Statutory Framework

Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226. Section 1225 governs the detention of noncitizens seeking admission into the United States. See Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). As relevant here, section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). "A noncitizen detained under [s]ection 1225(b)(2) may be released only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8 U.S.C. § 1182(d)(5)(A)." Gomes v. Hyde, 25 Civ. 11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). "Other than this limited exception[,] . . . detention under § 1225(b)(2) is considered mandatory . . . [and] [i]ndividuals detained under § 1225 are not entitled to a bond hearing." Lopez Benitez v. Francis, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025). Further, under § 1225(b)(2)(A), detention is mandatory "until removal proceedings have concluded."

While section 1225 "authorizes the Government to detain certain aliens *seeking admission into the country*," section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." Jennings, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out the "default rule" for noncitizens already present in the country. Id. at 288. It provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General--
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on--
> (A) bond . . . ; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). "Section 1226(a), therefore, establishes a discretionary detention framework." Lopez Benitez, 2025 WL 2371588, at *3 (internal citations omitted). An immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge. 8 C.F.R. § 1236.1(c)(8), (d)(1). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017) (citing In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Here, the IJ initially determined that Petitioner was being detained under Section 1226(a). The IJ found Petitioner did not present a risk of danger to the public and was only a minimal flight risk, and granted conditional release on posting of a $3,000 bond. As noted above, the IJ subsequently reversed this decision finding Petitioner ineligible for release after determining Petitioner was detained under § 1225(b).

A.  Section 1225(b) Does Not Apply to Petitioner.

The government contends that the applicable detention authority in this case is section 1225(b) because Petitioner is an "applicant for admission." The statute defines an "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).

The government's argument that section 1225(b) applies to all noncitizens present in the United States without admission is not plausible. As discussed in Guerrero Lepe v. Andrews, 25-cv-01163-KES-SKO (E.D. Ca. Sept. 23, 2025), the government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. This Court reached this conclusion in its grant of Petitioner's motions for temporary restraining order and preliminary injunction. (Docs. 23, 27.) The Court has also reached the same conclusion in other cases. See, e.g., Guerrero Lepe, 25-cv-01163-KES-SKO. Other district courts have also reached a similar conclusion. See, e.g., Lopez Benitez v. Francis, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); Martinez v. Hyde, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025); Gomes v. Hyde, No. 1:25-cv-11571-JEK, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Lopez-Campos v. Raycraft, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, No. 3:25-cv-01093-JE, Doc. 20 (W.D. La. Aug. 27, 2025); Doc. 11, Benitez v. Noem, No. 5:25-cv-02190 (C.D. Cal. Aug. 26, 2025); Leal-Hernandez v. Noem, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); Romero v. Hyde, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Arrazola-Gonzalez v. Noem, No. 5:25-cv-01789-ODW, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Aguilar Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Dos Santos v. Noem, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Rocha Rosado v. Figueroa, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); Maldonado Bautista v. Santacruz, No. 5:25-cv-01874-SSS-BFM, *13 (C.D. Cal. July 28, 2025). Other courts have determined that the government's expansive interpretation of § 1225(b)(2)(A) as applicable to all applicants for admission is plausible. See Cortes Alonzo v. Noem, 25-cv-01519-WBS-SCR (E.D. Ca. Nov. 17, 2025); Chavez v. Noem, 2025 WL 2730228 (S.D. Ca. Sept. 24, 2025); Vargas Lopez v. Trump, 2025 WL 2780351 (D. Neb. Sept. 30, 2025). The majority of courts that have considered the issue, however, have uniformly rejected the Government's new statutory interpretation.

The Government maintains that § 1225(b)(2)(A) applies to Petitioner. The Government proffers no new argument to question the Court's prior determinations that its interpretation is incorrect. Accordingly, the Court will grant the petition for the same reasons expressed in the orders granting temporary restraining order and preliminary injunction. (Docs. 23, 27.) In sum, the Court finds Petitioner was re-detained pursuant to § 1226(a), was not subject to mandatory detention under section 1225(b)(2)(A), and was wrongfully denied her release on bond by the IJ.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is GRANTED;
2) Respondent is ORDERED not to re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include at a minimum, pre-deprivation notice of at least seven (7) days before a pre-deprivation hearing at which the Government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community, if not arrested, and at which Petitioner may be represented by her counsel; and
3) The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **December 8, 2025**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE